## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| Marie Biffle,  as administrator | * | |
| for the estate of Larry Scott Biffle, | * | |
| and Marie Biffle, | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | **Civil Action File** |
| | * | No. 3:05 CV-24 (CDR) |
| Walton County, Georgia, | * | |
| Al Yarbrough, individually, | * | |
| and in his official capacity | * | |
| as Sheriff for Walton County, | * | |
| and Jerry Gregory Hall, | * | |
| individually, and in his | * | |
| official capacity as a Deputy | * | |
| for Walton County, | * | |
| Defendants. | * | |

### COMPLAINT

COMES NOW the Plaintiffs, MARIE BIFFLE, as administrator for the estate of
LARRY SCOTT BIFFLE, and Marie Biffle, showing the Court as follows:

### JURISDICTION

1.

This action is brought before the Court pursuant to 42 U.S.C. § 1983, 42 U.S.C. §
1985, Fourth, the Fifth, Fourteenth Amendments to the United States Constitution.  The
jurisdiction of this Court is found at 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  Plaintiffs
further invoke the pendent jurisdiction of this Court to hear and decide claims arising out
of the State laws of Georgia.

### PARTIES

2.

Plaintiff Marie Biffle is the administrator for the estate of Larry Scott Biffle.
Plaintiff Marie Biffle was appointed as administrator for the estate by the Probate Court
of Walton County, Georgia.

3.

Plaintiff Marie Biffle is the mother of the deceased, Larry Scott Biffle, and is a citizen of the United States.

4.

Defendant Walton County, Georgia, is a County organized and existing by virtue of the laws of the State of Georgia and is a corporate body subject to suit. Defendant is subject to the jurisdiction of this Court, and venue is proper in this Court.

5.

Defendant Jerry Gregory Hall, individually, and in his official capacity as a Deputy for the Walton County Sheriff's Department, Walton County, Georgia, is subject to the jurisdiction of this Court, and venue is proper in this Court.

6.

Defendant Al Yarbrough, individually, and in his official capacity as Sheriff for the Walton County Sheriff's Department, Walton County, Georgia, is subject to the jurisdiction of this Court, and venue is proper in this Court.

7.

Defendants are jointly and severally liable to the Plaintiffs for their actions.

## STATEMENT OF FACTS

8.

Prior to the filing of this action, an investigation was conducted consisting of, but not limited to the following: interviews, crime scene examination, Deputy and Police Officer statements, statements from independent witnesses, reports, autopsy reports, photographs, physical evidence, and expert analysis.

9.

On April 12, 2003, at approximately 1:15 a.m., Larry Scott Biffle ("Biffle") was driving his pickup truck from Social Circle Fairplay Road onto Highway 11.

While traveling southbound on Highway 11, Deputy Hall attempted to stop Biffle for an alleged traffic violation. For reasons unknown, Biffle continued driving southbound on Highway 11. While traveling southbound on Highway 11, Biffle was being pursued by a member of the Walton County Sheriff's Department and a Monroe

Police Department Officer.  Thereafter, Walton County Deputy Johnny Kent joined the pursuit.

As Biffle backed his vehicle up, Hall began shooting into the driver's cab side of the truck with the obvious intent to kill Biffle.  Hall fired three (3) rounds from his service weapon, striking and killing Biffle.

10.

At the time of Hall's execution of Biffle, Deputy Kent was safely seated inside his patrol vehicle and at one point, took cover inside his vehicle from Hall's line of fire into the side of Biffle's truck.

11.

Kent's statement as to his location during Hall's execution of Biffle places him outside of harm's way in contradiction to Hall's contention that he was forced to execute Biffle in an attempt to save Kent's life.  Hall, nor any other individuals were in imminent danger of being harmed by Biffle that would justify Hall's use of deadly force.

12.

At no time prior to the actions of the Defendants, which is the subject matter of this complaint, was there probable cause to believe that Biffle had committed an offense against the criminal laws of the State of Georgia and/or the United States Government.  Nevertheless, the Defendants illegally seized Biffle without statutory and/or constitutional authority.

13.

At the time the incident started, Biffle had not committed a crime which would justify the use of deadly force.  In fact, if Biffle had committed any crime at all, it would've been only a misdemeanor traffic offense, not justifying a summary execution.

14.

Defendants Walton County and Al Yarborough have established an unconstitutional policy of allowing its Deputies to pursue suspected traffic offenders and to use any force deemed necessary, including deadly force, in an attempt to stop the suspected offender, with deliberate indifference to fundamental constitutional rights.

15.

As a direct result of the policies established by the Defendants Walton County and Al Yarborough of allowing its Deputies to pursue suspected traffic offenders and to

use any force deemed necessary, including deadly force, in an attempt to stop the suspected offender, with deliberate indifference as to fundamental constitutional rights, and violation of state law, violated the Plaintiffs constitutional rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

16.

Defendants Walton County and Al Yarbrough established an unconstitutional policy and custom in failing to adequately train its Deputies in the proper use of deadly force which amounted to a deliberate indifference and gross negligence on the part of the Defendants which violated Biffle's constitutional rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

17.

Defendants Walton County and Al Yarbrough established an unconstitutional policy and custom in failing to adequately train its Deputies in the proper methods and procedures for high speed chases in an attempt to apprehend suspected traffic offenders which amounted to a deliberate indifference and gross negligence on the part of the Defendants which violated the Plaintiffs' Constitutional Rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

18.

The acts of the Defendants, and each of them, were intentional, willful acts, or, at least, grossly negligent. Defendants know or should have known their activities were illegal, beyond the proper actions of a reasonable Deputy placed in the same situation, and without statutory and/or constitutional authority. The actions of the Defendants, in the forcible and illegal seizing of Biffle, are in direct violation of Biffle's Fourteenth Amendment Constitutional Rights against unreasonable search and seizure and his right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

19.

The actions of Hall jointly and severally with other Defendants were actions taken with conscious indifference to the consequences thereof and with an entire want of care, authorizing the imposition of punitive damages. The acts of the Defendants, and each of them, were intentional, willful acts, or, at least, grossly negligent and the Defendants are liable to the Plaintiffs individually and in their official capacities and are not immune from suit.

**Cause of Action**

20.

The Defendants, jointly and severally, had a duty under state law to ensure that the Plaintiffs were safe from harm while under the care, control and custody of the Defendants. The Defendants breached said duty and the Plaintiffs were damaged as a result of their negligence. The Defendants, with deliberate indifference, gross negligence, and reckless disregard to Plaintiffs safety and welfare were the direct and proximate cause of the Plaintiff Biffle's death.

21.

The Defendants, jointly and severally, had a duty under state law to comply with state and federal law in the use of deadly force. The Defendants breached said duty and the Plaintiffs were damaged as a result of their negligence. The Defendants, with deliberate indifference, gross negligence, and reckless disregard to Plaintiffs' safety and welfare were the direct and proximate cause of the Plaintiff Biffle's death.

22.

The actions of the Defendants, at all times relevant to this action, were due to deliberate indifference and gross negligence of the Defendants, and the excessive use of force and seizure of Plaintiffs' person without probable cause, constitute a cause of action under state law for false imprisonment.

23.

The negligent acts of the Defendants deprived Plaintiff Marie Biffle of the love and affection of her son Larry Scott Biffle.

24.

Defendants, jointly and severally, were deliberately indifferent, and grossly negligent of their responsibilities and duties in the use of deadly force against the Plaintiff, while he (Larry Scott Biffle) was under the control and custody of the Defendants. This deliberate indifference and gross negligence resulted in violations of fundamental civil rights of the Plaintiffs, guaranteed them through the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in which the Plaintiffs were deprived of their liberty without due process of law. The Defendants are liable to the Plaintiffs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

25.

The actions of the Defendants, at all times relevant to this action, were due to the deliberate indifference and gross negligence of the Defendants, and the excessive use of force and seizure of Plaintiffs' person without probable cause, which violated the Plaintiffs' constitutional right to due process and equal protection of the laws, and denied the Plaintiff the right to be free from cruel and unusual punishment, guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. The

Plaintiffs have a cause of action against the Defendants pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

26.

The Defendants, Walton County and Al Yarbrough with deliberate indifference as to the safety of the public at large and the safety of the Plaintiff, have established an unconstitutional policy for allowing its Deputies to pursue suspected traffic offenders and to use any force deemed necessary, including deadly force, in an attempt to stop the suspected offender with deliberate indifference to fundamental constitutional rights. The Defendants having the authority and ability to correct these policies, willfully, deliberately, maliciously, and with gross negligence and reckless disregard to the safety of Plaintiffs and others, have allowed these actions for several years. The failure on the part of the Defendants to take any action to prevent such conduct constituted a practice, policy and custom which deprived the Plaintiffs of their constitutional rights. The Defendants are liable to the Plaintiffs pursuant 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

27.

Defendants, Walton County and Al Yarbrough established an unconstitutional policy and custom in failing to adequately train its Deputies in the proper use of deadly force which amounted to a deliberate indifference and gross negligence on the part of the Defendants which violated the Plaintiffs' constitutional rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. The Defendants are liable to the Plaintiffs pursuant to 42 U.S.C § 1983 and 42 U.S.C. § 1985.

28.

Defendants, Walton County and Al Yarbrough established an unconstitutional policy and custom in failing to adequately train its Deputies in the proper method and procedures for high speed chases in an attempt to apprehend suspected traffic offenders which amounted o a deliberate indifference and gross negligence on the part of the Defendants which violated the Plaintiffs' constitutional rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. The Defendants are liable to the Plaintiffs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

29.

Defendants, Walton County and Al Yarbrough failed to adequately supervise its Deputies in the actions alleged in this complaint which amounted to a deliberate indifference and gross negligence on the part of the Defendants which violated the Plaintiffs' constitutional rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. The Defendants are liable to the Plaintiffs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

30.

The acts and omissions of the Defendants have denied the Plaintiff Larry Scott Biffle of his right to be free from cruel and unusual punishment in contradiction of the Fourteenth Amendment to the United States Constitution as a result of the Defendants directly and proximately inflicting harsh and brutal punishment upon the Plaintiff, failing to adequately investigate and supervise its Sheriff's Deputies, and otherwise depriving the Plaintiff of the care, protection, and benefits to which he is entitled under state and federal law, rules and regulations. The Defendants are liable to the Plaintiff pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

WHEREFORE, Plaintiffs respectfully pray as follows:

a) That process issue in terms provided by law and that Defendants be served accordingly;
b) That a jury trial be held;
c) That the Plaintiffs have judgment against Defendants, jointly and severally, for all special, general, and compensatory damages recoverable by law in the amount of ten million dollars ($10,000,000.00) or such other amount as a jury may determine to be just and proper;
d) That the Plaintiffs have judgment against the individual Deputy Defendant, jointly and severally, for all punitive damages recoverable by law in an amount as a jury may determine to be just and proper;
e) That the costs of this litigation, including reasonable attorney's fees, as provided by law, be assessed against the Defendants; and,
f) That Plaintiffs receive all other relief which this court may determine to be just and proper.

Michael J. Puglise, Esq.
Georgia Bar No. 589530
Law Offices of Michael J. Puglise, P.C.
1387 Scenic Highway
Snellville, Georgia 30078

(770) 985-9852  Business Line
(770) 985-9854  Fax

JS 44
(Rev. 12/96)

**CIVIL COVER SHEET** 3:05-CU-24(CDL) 300733-4250

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Marie Biffle, as administrator
for the ESTATE of LARRY SCOTT BIFFLE,
AND MARIE BIFFLE

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _WALTON County_
(EXCEPT IN U.S. PLAINTIFF CASES)

MICHAEL J Puglise, ESQ.

**(C)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

1387 Scenic Highway
Snellville, GA 30078
LAW OFFICES OF MICHAEL J PUGLISE, PC.

### DEFENDANTS

WALTON County, GEORGIA,
AL YARBROUGH, Indiv and in his official Capacity
AS SHERIFF FOR WALTON CTY AND JERRY
GREGORY HALL, INDIV E IN his official Capacity
as a Deputy for WALTON COUNTY

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _WALTON_
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

ATTORNEYS (IF KNOWN) NOT KNOWN

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF (For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 670 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC §1983; 1985, Fourth, FIFTH E FOURTEENTH AMEND US Const.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** 10,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) (See instructions): IF ANY

JUDGE _____ DOCKET NUMBER _____

DATE 4-4-05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____