IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MARIE BIFFLE, as Administrator For the estate of Larry Scott Biffle, and MARIE BIFFLE,<br><br>    Plaintiff<br>V.<br><br>WALTON COUNTY, GEORGIA, AL YARBROUGH, individually, and In his official capacity as Sheriff of Walton County, and JERRY GREGORY HALL, individually, And in his official capacity as a Deputy for Walton County,<br><br>    Defendants | CIVIL ACTION FILE<br>NO. 3:05-CV-24-CDL |

<u>**AL YARBROUGH, INDIVIDUALL AND IN HIS OFFICIAL CAPACITY AS SHERIFF OF WALTON COUNTY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**</u>

COMES NOW, AL YARBROUGH, individually and in his official capacity as Sheriff of Walton County, files this his Answer and Defenses to Plaintiff's Complaint and shows the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state or set forth claims against this defendant upon which relief can be granted.

### SECOND DEFENSE

As a Second Defense, this defendant answers the numbered paragraphs of plaintiffs' Complaint as follows:

{K:\126\034\00070331.DOC}

1

response from this defendant. However, to the extent plaintiff asserts wrongdoing against this defendant, such allegations are specifically denied.

## PARTIES

2.

This defendant can neither admit nor deny the allegations contained in paragraph 2 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

3.

This defendant can neither admit nor deny the allegations contained in paragraph 3 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

4.

This defendant can neither admit nor deny the allegations contained in paragraph 4 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

This defendant admits the allegations contained in paragraph 5 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

6.

This defendant denies the allegations contained in paragraph 6 of plaintiff's Complaint.

7.

This defendant denies the allegations contained in paragraph 7 of plaintiff's Complaint.

STATEMENT OF FACTS

8.

Paragraph 8 of plaintiff's Complaint does not require a response from this defendant. However, to the extent plaintiff asserts wrongdoing against this defendant, such allegations are specifically denied.

9.

This defendant can neither admit nor deny the allegations contained in paragraph 9 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

This defendant can neither admit nor deny the allegations contained in paragraph 10 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

11.

This defendant can neither admit nor deny the allegations contained in paragraph 11 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

12.

This defendant denies in the form and manner alleged the allegations contained in paragraph 12 of plaintiff's Complaint.

13.

This defendant denies in the form and manner alleged the allegations contained in paragraph 13 of plaintiff's Complaint.

14.

This defendant denies the allegations contained in paragraph 14 of plaintiff's Complaint.

15.

This defendant denies the allegations contained in paragraph 15 of plaintiff's Complaint.

This defendant denies the allegations contained in paragraph 16 of plaintiff's Complaint.

17.

This defendant denies the allegations contained in paragraph 17 of plaintiff's Complaint.

18.

This defendant denies the allegations contained in paragraph 18 of plaintiff's Complaint.

19.

This defendant denies the allegations contained in paragraph 19 of plaintiff's Complaint.

## CAUSE OF ACTION

20.

This defendant denies the allegations contained in paragraph 20 of plaintiff's Complaint.

21.

This defendant denies the allegations contained in paragraph 21 of plaintiff's Complaint.

22.

This defendant denies the allegations contained in paragraph 22 of plaintiff's Complaint.

paragraph 23 of plaintiff's Complaint.

24.

This defendant denies the allegations contained in paragraph 24 of plaintiff's Complaint.

25.

This defendant denies the allegations contained in paragraph 25 of plaintiff's Complaint.

26.

This defendant denies the allegations contained in paragraph 26 of plaintiff's Complaint.

27.

This defendant denies the allegations contained in paragraph 27 of plaintiff's Complaint.

28.

This defendant denies the allegations contained in paragraph 28 of plaintiff's Complaint.

in paragraph 30 of plaintiff's Complaint.

31.

All other allegations in plaintiff's Complaint not hereinbefore specifically responded to are hereby denied.

### THIRD DEFENSE

This defendant asserts each affirmative defense extent applicable as set out in Rule 8 of the Federal Civil Procedure.

### FOURTH DEFENSE

Plaintiff's complaint fails to state or set forth against this defendant under 42 U.S.C. §1983.

### FIFTH DEFENSE

The claims and allegations set forth in plaintiff's complaint, even if taken as true, do not state a claim for relief under 42 U.S.C. §1983, as any deprivation alleged does not rise to the level of a constitutional tort.

### SIXTH DEFENSE

Plaintiff's complaint fails to state a claim for punitive damages. Moreover, this defendant, sued in his official capacity, is immune from liability for punitive damages.

{K:\126\034\00070331.DOC}

## SEVENTH DEFENSE

Any and all of plaintiff's claims against this defendant are barred, in whole or in part, by the doctrines of official immunity, sovereign immunity, discretionary immunity, and qualified immunity under federal law and the laws of the State of Georgia.

## EIGHTH DEFENSE

To extent as may be shown by evidence through discovery, defendant asserts that the matters in question and plaintiff's damages, if any, were caused by acts and/or failures to act of persons other than this defendant.

## NINTH DEFENSE

This defendant asserts the affirmative defense of qualified immunity as under all of the facts and circumstances as alleged herein, the conduct of the individual defendant was objective and reasonable.

## TENTH DEFENSE

To the extent plaintiff's complaint is directed at this defendant in his individual capacity, this defendant shows that his actions with respect to plaintiff were carried out in good faith, performance of his duties, and pursuant to a good faith and reasonable belief that such actions or inactions are lawful and constitutional. Therefore, defendant asserts that he is

immune from the claims made and issues sought to be set forth in the plaintiff's complaint.

### ELEVENTH DEFENSE

As to plaintiff's claims under the Fourth Amendment, this defendant shows that under all the facts and circumstances, his conduct was objective and reasonable. This defendant shows that plaintiff was not deprived of any constitutional protected life, liberty, or property without due process of law, nor were plaintiff's rights under any amendments to, or provisions of, the United States Constitution or laws violated by defendants. Accordingly, defendant respectfully submit that this Court lacks jurisdiction over the subject matter of plaintiff's complaint.

### TWELFTH DEFENSE

To the extent plaintiff asserts any state law claims, this Court should decline to exercise pendant jurisdiction. In addition, plaintiff has failed to state a claim against defendant for any such state law cause of action.

### THIRTEENTH DEFENSE

Sheriff Yarbrough, as a State official, asserts Eleventh Amendment immunity as an absolute defense to this matter.

FOURTEENTH DEFENSE

As a state actor, Sheriff Yarbrough is not a "person" under 42 U.S.C. §1983 and so, must be dismissed from this matter.

FIFTEENTH DEFENSE

Plaintiff cannot establish a constitutional violation here let alone this defendant instituted a policy or custom which was the driving force of any alleged deprivation of plaintiff's rights. Additionally, plaintiff cannot establish deliberate indifference or supervisory liability against this defendant.

WHEREFORE, having fully answered, this defendant respectfully requests that this Court dismiss plaintiff's Complaint and case all costs against plaintiff.

**THIS DEFENDANT DEMANDS TRIAL BY JURY.**

Respectfully submitted this 28th day of April, 2005.

                              CRUSER & MITCHELL, LLP

                              /s/ William T. Mitchell
                              William T. Mitchell
                              Georgia Bar No. 513810

Peachtree Ridge, Suite 750
3500 Parkway Lane
Norcross, GA 30092
404/881-2622 (Telephone)
404/881-2630 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed this **AL YARBROUGH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SHERIFF OF WALTON COUNTY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

| Michael J. Puglise, Esq.<br>1387 Scenic Highway<br>Snellville, GA 30078 | Mary Mendel Katz, Esq.<br>Chambless, Higdon & Carson, LLP<br>P. O. Box 246<br>Macon, GA 31202-0246 |
|---|---|

This 28th day of April, 2005.

_____
William T. Mitchell
Georgia Bar No. 513810